IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GRADY RENARD WILLIAMS, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | CASE NO.: 5:21-CV-439-TES-CHW |
| **STATE OF GEORGIA,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Plaintiff Grady Renard Williams, Jr., a prisoner who is incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a *pro se* document that has been docketed as a Complaint seeking relief pursuant 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also submitted a "Declaration" related to this Complaint (ECF No. 4), and he seeks leave to proceed *in forma pauperis* (ECF No. 2). As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Further, Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted. Plaintiff's motion for leave to proceed *in forma pauperis* is therefore denied, and this action is **DISMISSED without prejudice.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").  Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.  *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim.  *See, e.g.,* Order Dismissing Compl., *Williams v. Ga. Dep't of Corr.*, ECF No. 4 in Case No. 5:15-cv-0425-CAR-MSH (M.D. Ga. Dec. 8, 2015) (dismissing for failure to state a claim, as frivolous, and pursuant to § 1915(g)); Order Dismissing Compl., *Williams v. Owens*, ECF No. 39 in Case No. 5:13-cv-0254-MTT-MSH (M.D. Ga. Sept. 15, 2014) (adopting recommendation to dismiss for failure to state a claim); Order Dismissing Compl., *Williams v. Owens*, ECF No. 14 in Case No. 6:12-cv-00110-BAW-JEG (S.D. Ga. Jan. 30, 2013) (adopting recommendation to dismiss for failure to state claim).  Plaintiff is

accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff contends that he is "the contract officer for the GRADY RENARD WILLIAMS JR© TRUST, with Power of Attorney-in-Fact to represent the Trust in all commercial affairs." Compl. 2, ECF No. 1. Plaintiff claims that he "has reserved his right not to be compelled to perform under any contract or commercial agreement that [he] did not enter knowingly, voluntarily and intentionally," and he thus "does not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement" pursuant to the Uniform Commercial Code. *Id.* at 2-3. Plaintiff accordingly seeks declaratory relief as well as an injunction "ordering Defendants to close the account and return all property therein to Plaintiff, along with any interest accruing." *Id.* at 6. These allegations fail to suggest that Plaintiff is in imminent danger

3

of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice, and he may refile a complaint with pre-payment of the full $402 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Furthermore, Plaintiff's filings "bear[] all the hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original). A so-called "sovereign citizen" generally relies "on the Uniform Commercial Code ('UCC'), admiralty laws, and other commercial statutes to argue that, because he has made no contract with [the court or government], neither entity can foist any agreement upon him." *See United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) *aff'd*, 787 F.3d 1329 (11th Cir. 2015). Criminal statutes are "apparently not one of the groups of statutes whose validity [these 'sovereign citizens'] will acknowledge," and as such the prisoner will argue that he cannot be found guilty of any crime. *See id.* Plaintiff's filings also bear at least some indicia of reliance on the "Redemptionist" theory, which "propounds that a person has a split personality: a real person and a fictional person called the 'strawman.'" *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009).

4

> Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

*Id.*

Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources"). Plaintiff's Complaint is therefore also subject to dismissal pursuant to 28 U.S.C. § 1915A as frivolous and for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A (obligating the district courts to conduct a preliminary screening of every complaint filed by a prisoner seeking redress from a government entity, official, or employee and to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**, and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) and/or § 1915A. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED**, this 24th day of February, 2022.

        S/ Tilman E. Self, III
        **TILMAN E. SELF, III, JUDGE**
        **UNITED STATES DISTRICT COURT**